Plaintiffs sue to recover $300 deposited with Mrs. A. A. McKelvy, doing business as McKelvy Realty Company, a licensed realtor, by Mr. and Mrs. T. D. Payne as earnest money under a contract wherein the Paynes, on certain conditions, agreed to purchase plaintiffs' residence at 410 Prospect Street in the City of Shreveport, Louisiana. The alleged contract is attached to and made a part of the petition. Mrs. McKelvy and the Paynes are impleaded as defendants.
It is alleged that the Paynes refused to comply with said contract, without valid cause, by accepting title to the property and paying the price of the same, and that the realtor not having succeeded in consummating the sale, earned no commission and has no legal right to longer withhold from petitioners the said earnest money. They pray that she be ordered to deliver said amount to them and, in the alternative, for judgment in solido against all defendants.
Exceptions of no cause and no right of action were filed by the Paynes, which were referred to the merits. They are not here urged.
The Paynes assert, for reasons assigned in their answer, that the deposit should be *Page 705 
returned to them; that plaintiffs have no interest in same and are without right to demand delivery thereof to them. They attack the instrument sued upon and attached to the petition as being a nudum pactum, null and void, for the following named reasons:
1. That plaintiffs did not sign same;
2. That the instrument is too vague and indefinite to admit of judicial enforcement;
3. That same contains potestative conditions and lacks mutuality of obligations.
In the alternative, should said instrument not be held to be a nudum pactum, these defendants plead, because of error on their part as to the quality and condition of the residence of plaintiffs, that the contract is unenforceable. This alleged error has reference mainly to the existence of old termite infestation that had practically destroyed many of the foundation timbers of the building. As we do not believe the outcome of the suit to any extent turns upon this defense, further discussion of the same will not be made.
Other matters, secondary in importance to a decision, and which mainly have to do with Mrs. McKelvy's status in and connection with the case, have ceased to play any part herein because of her action, subsequent to judgment, hereinafter stated. She did answer the petition but for the above named reason its substance need not be here given.
In reconvention, T. D. Payne, as head and master of the community between him and his wife, prays for judgment against plaintiffs for $600, being double the amount of earnest money.
The lower court gave judgments as follows, to wit:
The suit as to Mr. and Mrs. Payne was dismissed. There was judgment in reconvention in favor of T. D. Payne and against Carl L. Brewster in the sum of $300 with five per cent (5%) per annum interest from June 6, 1948, and decreeing the nullity of the instrument sued on and attached to the petition.
There was also judgment in favor of Carl L. Brewster and against Mrs. McKelvy for $300, with like interest from June 10, 1948.
In all respects the demands of Mrs. Brewster and Mrs. Payne were dismissed. Brewster and Mrs. McKelvy in equal proportions were cast for all costs.
Only Carl L. Brewster appealed.
Mrs. McKelvy has acquiesced in the judgment so far as it involves her. She has in this court filed a motion wherein she states that with the permission of the lower court she has deposited with the clerk thereof, the $300 received by her from the Paynes, plus interest and one-half of the cost of court, to the time of said deposit, or a total of $386.09; that she does not desire further to contest the case or challenge the correctness of said judgment. She prayed: "Wherefore, mover prays that her tender of $386.09 be accepted and that the same be deposited in the register of the Court subject to the further orders of this Honorable Court and the appellate court, and that mover, Mrs. A. A. McKelvy, be released of any further liability herein whatsoever."
The instrument in question is a printed form plus written additions. It begins as a receipt. It says: "Received from T. D. Payne $300.00 earnest money, to be applied as part payment of the purchase price of the property hereinafter described, this day sold" etc.
The property is thereafter described. Then follows: "Consideration: $10,000.00 Terms: FHA Loan, Bal. Cash."
This writing is followed by: "Special Agreements: Possession to be arranged. Will give possession in 20 days upon signing of deed at 639 Robinson for T. D. Payne".
This instrument is signed as follows:
"McKelvy, Realtor By: Mrs. A. A. McKelvy Accepted by: Carl L. and Neva McD. Brewster — Owner Accepted by: T. D. Payne — Purchaser Mrs. T. D. Payne."
The quoted written portions of the contract on their face are almost entirely *Page 706 
meaningless. It required considerable testimony to explain their true meaning and intent. As the same relates to the Brewster property, the price was $10,000 cash to him but it was understood that part of this price would be gotten through a loan on the property, underwritten by the FHA. That agency had made a conditional commitment of $5,200.
As to the special agreement which related to Payne's property, it meant that Payne would give possession of his property at 639 Robinson Place 20 days after deed thereto had been signed by him; in other words, if and when he sold the same. Mrs. McKelvy was trying to find a purchaser for the Paynes' property for a price of $10,500, but failed. She and the Paynes did not really reach an agreement with respect to the sale of their property.
For Payne to acquire the Brewster property two important things had to happen: (1) Consummation of a loan of $5,200, underwritten by the FHA on the property, and (2) The Paynes had to make sale of their own property in order to pay Brewster the $4,800 due him in addition to the proceeds of the guaranteed FHA loan.
It is obvious that the agreements were not enforceable by either contractant as against the other. No one had the power to force the effecting of the loan of $5,200 on the Brewster property. The Paynes did not bind themselves to sell their own property and all parties in interest knew that unless this was done the whole proposition would collapse, as did happen. It is manifest that the success of both of the proposed sales was entirely dependent upon the wills of the Paynes.
The foregoing conclusions bring the agreement within that class of contracts denounced by the Civil Code as being null because of their potestative character. Article No. 2034 of the Civil Code reads as follows: "Potestative condition on part of promisor voidable. — Every obligation is null, that has been contracted, on a potestative condition, on the part of him who binds himself."
Article No. 2035, in part, reads as follows: "The last preceding article is limited to potestative conditions, which make the obligation depend solely on the exercise of the obligor's will."
The effect of declaring null and void the instrument sued upon has the effect of restoring the status quo ante. All persons parties thereto, perforce, are relieved of the obligations therein attempted to be assumed by them, and to fully attain this status the $300 paid thereunder should be returned to T. D. Payne; and since this amount has been deposited in the registry of the lower court by one of the defendants after rendition of judgment below, the case will have to be remanded to the lower court for such action and judgment as are legal and proper under the changed conditions. To effectuate this and the judgment appealed from will have to be set aside.
For the reasons herein assigned, the judgment from which appealed, is set aside and this case is now remanded to the lower court for the purposes above stated. Costs of appeal are assessed against the appellant.